**[J-70-2022] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 795 CAP |
| | : | |
| Appellant | : | Appeal from The Order entered on |
| | : | February 22, 2022, in the Court of |
| | : | Common Pleas of York County, |
| v. | : | Criminal Division, at No. CP-67-CR- |
| | : | 0005365-1997 |
| | : | |
| KEVIN BRIAN DOWLING, | : | SUBMITTED: August 30, 2022 |
| | : | |
| Appellee | : | |

## CONCURRING OPINION

**JUSTICE DONOHUE**                                                       **DECIDED: May 31, 2024**

I join the Majority's thoughtful resolution of this capital PCRA appeal, including its

conclusion that there has been no violation of the coordinate jurisdiction rule. I write only

to express my divergent reasoning as to that determination.

The PCRA court provided no explanation for its findings that Dowling suffered

prejudice in connection with his ineffective assistance of counsel claim or that the withheld

evidence was material as required for relief on the *Brady/Napue*[1] claims. The absence

of these explanations substantially impeded this Court's review, and so we remanded for

a supplemental opinion to address three specific questions that we posed related to these

analyses.[2] The remand court obliged and authored an opinion answering the questions.

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963); *Napue v. Illinois*, 360 U.S. 264 (1959).

[2] We instructed the PCRA court to address the following questions:

1. Whether [Dowling] suffered prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984)[,] as a result of trial counsel's failure to fully investigate all aspects of
(continued…)

Before this Court, Dowling argues that when answering the questions posed to it by this Court, the remand court violated the coordinate jurisdiction rule. The Majority explains that the coordinate jurisdiction rule prohibits courts of the same jurisdiction sitting in the same case from overruling each other's resolutions of "legal questions," Majority Op. at 27 (citing *Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995)), but then ventures further, stating that "the coordinate jurisdiction rule prevents a second judge of the same court from **vacating** a prior judge's order." *Id.* (emphasis in the Majority Opinion). It rebuffs Dowling's argument on the basis that "the remand court did not purport to overturn the order granting Dowling post-conviction relief. Instead, the remand court simply performed the supplemental analysis we requested in our remand order. It is not the remand court, but rather this Court – a court of **superior** jurisdiction – that today

---

the case, to request the Kennie's Markey cash register journals from the Commonwealth, and to retain a point-of-sale expect to challenge the Commonwealth's timeline of events. The PCRA court shall consider whether there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 64.

2. Whether the Commonwealth's presentation of Trooper Mowrey's allegedly false testimony could "in any reasonable likelihood have affected the judgment of the jury." *See Commonwealth v. Wallace*, 455 A.2d 1187, 1191 (Pa. 1983) []. The PCRA court shall analyze the effect that Trooper Mowrey's testimony had in the context of Dowling's entire trial, considering any additional evidence of Dowling's guilt that the Commonwealth adduced at trial.

3. Whether there is a reasonable probability that the outcome of Dowling's trial would have been different absent the Commonwealth's alleged failure to disclose the Kennie's Market cash register journals to the defense. *See Kyles v. Whitley*, 514 U.S. 419, 434 (1995) ("The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence. A 'reasonable probability' of a different result is accordingly shown when the Government's evidentiary suppression 'undermines the confidence in the outcome of trial." (quoting *United States v. Bagley*, 473 U.S. 667, 678 (1985)).

Per Curiam Order, 3/21/2023.

vacates the order granting Dowling's petition for post-conviction relief." *Id.* (emphasis in the Majority Opinion).

I agree with the Majority that the coordinate jurisdiction rule prohibits courts of the same jurisdiction sitting in the same case from overruling each other's decisions. *Ivy Hill Cong. of Jehovah's Witnesses v. Dep't of Human Serv.*, 310 A.3d 742, 754 (Pa. 2024). I also agree that no coordinate jurisdiction rule violation occurred, but not because the remand court did not vacate the initial PCRA court's order.[3] In my view, the rule simply has no application here.

It is not uncommon for a reviewing court to request a supplemental opinion from a lower court. In this case, compliance with our remand order fell to a different judge because of the retirement of the original PCRA jurist. The coordinate jurisdiction rule limits the ability of a judge to revisit a ruling of judge of equal authority. The rule has no application when an appellate court orders the second judge to opine on a matter previously decided by a different judge in the lower court. Here, to answer the question posed by this Court, the remand judge necessarily had to revisit what was done by his retired predecessor. Our remand order obviated any application of the coordinate jurisdiction rule.

---

[3] Although the Majority seems to predicate its disposition of Dowling's coordinate jurisdiction rule claim on the fact that this Court, rather than the remand court, is vacating the order granting Dowling a new trial, Majority Op. at 27, our ultimate disposition reverses the PCRA court's order and remands for further proceedings. *Id.*